# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 3, 2022

```
*  *  *  *  *  *  *  *  *  *  *  *  *
KORIN DRILLING,                          *
                                         *
          Petitioner,                    *          No. 19-264V
                                         *
v.                                       *          Special Master Gowen
                                         *
SECRETARY OF HEALTH                      *          Attorneys' Fees and Costs;
AND HUMAN SERVICES,                      *          Interim request.
                                         *
          Respondent.                    *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Mark Theodore Sadaka,* Law Office of Sadaka Associates, LLC, for petitioner.
*Emily H. Manoso,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 26, 2022, Korin Drilling ("petitioner') filed a motion for interim attorneys' fees and costs.  Petitioner ("Pet.") Interim Fee Motion ("Int. Fee Mot.") (ECF No. 59).  For the reasons set forth below, I hereby **GRANT** petitioner's motion, and find an award of **$45,277.30** in interim attorneys' fees and costs to be reasonable.

### I.    Procedural History

Petitioner filed his petitioner in the National Vaccine Injury Compensation Program[2] ("the program") on February 15, 2019. Petition (ECF No. 1). Petitioner alleged that she suffered from small-fiber neuropathy ("SFN") as a result of an influenza ("flu") vaccination she received on September 20, 2016. *Id*.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  This means the opinion will be available to anyone with access to the Internet.  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the [opinion]." *Id*.  If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.  *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On February 19, 2019, the case was reassigned to my docket. *See* Notice of Reassignment (ECF No. 4). On February 20, 2019, I issued an initial order ordering petitioner to file all relevant medical records and set a deadline for respondent's initial status report. (ECF No. 5). On September 16, 2019, respondent submitted a status report indicating that he was not amenable to settlement discussions. (ECF No. 16). An initial status conference was held on October 9, 2019, and on October 15, 2019, I issued a scheduling order for petitioner to file a status report advising the court if she would like to proceed with the claim and file any additional medical records. (ECF No. 17).

Respondent filed their Rule 4(c) report on January 15, 2021, writing that the case is not appropriate for compensation under the Act. Respondent's Report ("Resp. Rep.") at 1 (ECF No. 36). Petitioner filed an expert report from Dr. Joseph S. Jeret on April 7, 2022. Petitioner's Exhibit ("Pet. Ex.") 14 (ECF No. 46). On June 7, 2022, respondent filed a responsive expert report from Dr. Peter D. Donofrio. Resp. Ex. A (ECF No. 47). I held a Rule 5 status conference on July 28, 2022, and issued a Rule 5 order on August 2, 2022, ordering the parties to settle on a hearing date for November 2023, for petitioner to file updated medical records, and for both parties to file responsive expert reports. Rule 5 Order (ECF No. 50).

I issued a hearing order on August 31, 2022, for an entitlement hearing to be held on November 14, 2023, through November 15, 2023. Hearing Order (ECF No. 53). Dr. Jeret, petitioner's expert, filed a supplemental expert report on September 30, 2022. Pet. Ex. 39 (ECF No. 56).

On October 26, 2022, petitioner filed the instant motion, requesting a total of $53,277.30, comprised of $35,441.93 in interim attorneys' fees, and $17,835.37 in attorneys' costs. Pet. Int. Mot. at 5. Respondent filed a response to petitioner's motion on October 31, 2022, stating that "In this case, respondent defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award," and that "Respondent also defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case." Resp. Response at 2 (ECF No. 60). Respondent requested that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 2-3.

The matter is now ripe for adjudication.

## II.    Entitlement on Attorneys' Fees and Costs

### A. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1).

The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). The Federal Circuit has explained that reasonable basis analysis is limited to objective factors. The Court has also explained that "the quantum of objective evidence needed to establish reasonable basis for a claim, including causation is lower than the preponderant evidence standard required to prove entitlement to compensation, but more than a mere scintilla" of evidence. *James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021); *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020).

The petitioner has supported her claim with medical records, affidavits, supplemental diagnostic testing suggested by the Court, and two reports from Dr. Jeret. Dr. Jeret has set forth detailed opinions regarding petitioner's diagnosis and vaccine causation. This case is scheduled for an entitlement hearing in November 2023. I have concluded upon review of the above that there is no doubt that the case has been brought in good faith and with a reasonable basis. In considering an interim fee request for the attorney and experts I consider whether the case has been brought with a reasonable basis considering that the ultimate decision on entitlement to compensation has not yet been made.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]interim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In this case, petitioner is requesting a total of $53,277.30 in attorneys' fees and costs, which is slightly above the threshold amount described above. Petitioner filed the case on February 15, 2019, engaged an expert, and underwent diagnostic testing as suggested by the Court. As such, I find that an award of interim attorneys' fees and costs are appropriate at this time.

### III.   Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

## B.  Hourly Rates

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera,* 515 F. 3d at 1348 (quoting *Blum,* 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriquez v. Sec'y of Health & Hum. Servs.,* 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349).

Further, the Office of Special Masters has adopted the framework developed in *McCulloch* for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Under *McCulloch,* the following factors are "to be considered in determining an appropriate billing rate: the prevailing rate for comparable legal work in the forum of Washington, D.C.; the prevailing rate for cases in the Vaccine Program; the experience of the attorneys in the Vaccine Program; the overall legal experience of the attorneys in the case; and the quality of work performed in vaccine cases." *McCulloch,* 2015 WL 5634323, at 60-61.

Here, petitioner is requesting that his attorney, Mark Sadaka and his paralegal Michele Curry, be reimbursed for work performed on his behalf from 2017-2022 for a total of 137.1 hours. Pet. Mot. Ex. A at 23-24. Specifically, petitioner requests the following rates and hours:

|  | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|---|---|
| **Mark Sadaka Rates** | $376.38 | $396.00 | $405.00 | $422.00 | $444.00 | $458.00 |
| **Mark Sadaka Hours** | 5.7 | 6.00 | 11.80 | 4.40 | 11.20 | 12.10 |
| **Michele Curry** | $145.17 | $150.55 | $156.00 | $163.00 | $172.00 | $177.00 |
| **Michele Curry Hours** | 20.60 | 10.30 | 13.80 | 11.80 | 10.20 | 19.20 |

These hourly rates are consistent with rates that Mr. Sadaka and Ms. Curry have previously been awarded for his Vaccine Program work, and I therefore find them reasonable. *See Hood v. Sec'y of Health & Hum. Servs.*, No. 17-1642V, 2018 WL 4042195, at *3 (Fed. Cl. July 30, 2018); *Prague v. Sec'y of Health & Hum. Servs.*, No. 19-986V, 2022 WL 1008848, at *4 (Fed. Cl. Spec. Mstr. Mar. 10, 2022); *Nemmer v. Sec'y of Health & Hum. Servs.*, No. 17-1464V, 2020 WL 1910695, at *4 (Fed. Cl. Spec. Mstr. Feb. 20, 2020); *Woods v. Sec'y of Health & Hum. Servs.*, No. 17-897V, 2020 WL 4756881, *2 (Fed. Cl. Spec. Mstr. July 23, 2020); *Malar v. Sec'y of Health & Hum. Servs.*, No. 18-1429V, 2022 WL 2663240, at *2 (Fed. Cl. June 16, 2022). As such, the rates requested by petitioner will be awarded without adjustment.

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioner's counsel provided a breakdown of hours billed. *See* Pet. Int. Mot. Ex. A. Based on the invoice, Mr. Sadaka performed a total of 51.2 hours from 2017-2022, and his paralegal Ms. Curry, performed a total of 85.0 hours from 2017-2022. *Id.* at 22-23. Upon review of the invoice submitted with the petitioner's interim fee application, and my knowledge of the proceedings in this case to date, the number of hours expended appear to be reasonable and adequately documented. Therefore, they will be awarded without adjustment.

### D.  Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34.

Petitioner requests that his attorney be awarded $17,835.37 in costs. Pet. Int. Mot at 23-34. These costs include postage, mailing, diagnostic testing, and expert costs. *Id*. The total for the diagnostic testing is $1,745.52, and seeing as I suggested the diagnostic testing, this cost is reasonable. Pet. Int. Mot. Ex. C. The bulk of petitioner's costs, $15,175.00 is for the hourly costs and retainers associated with Dr. Jeret writing two expert reports, a retainer for an initial review, and retainer for trial preparation and attendance for the November 2023 entitlement hearing. The costs are described in sufficient detail and are companied by the relevant invoices supporting the amount of money requested.

### i.    Dr. Joseph Jeret

Petitioner requests a total of $15,175.00 for Dr. Jeret. Pet. Int. Mot. Ex. A at 23-24. His requested rate for all work performed included review of medical history, literature search, and review of respondent's experts report is $350.00 per hour. Pet. Int. Mot. Ex. B at 11, 13-14, 16. Dr. Jeret is a Neurologist in New York and is fellowship-trained in neurodiagnostic studies. Pet. Ex. 15 at 1. Dr. Jeret has provided care to over 20,000 patients and has published over 70 peer-reviewed papers, he has also been awarded fellowship status in the American Academy of Neurology. *Id*.

Given his extensive thirty year career in Neurology and neurodiagnostic studies, and the quality of his reports in this case, I find that he should be compensated at a rate similar to other neurologists of his qualifications and experience who have participated in this program at a rate of $350.00 per hour. Dr. Jeret billed for 20.5 hours, a reasonable amount of time for two expert reports in a case that has not had an entitlement hearing. Pet. Int. Mot. Ex. B at 11, 13-14, 16.

Petitioner also included an $8,000.00 retainer for Dr. Jeret's services for the November 2023 entitlement hearing. Block billing and prospective billing such as this has not generally been approved absent exigent circumstances which do not exist in this case.  The hearing will not take place for over a year, those costs will be deferred for the Final Attorneys' Fees and Cost Decision. Therefore, Dr. Jeret's costs will be reduced $8,000.00, bringing the total costs for this instant motion to $7,175.00.

### E.  Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.**  Accordingly, I award the following:

| | |
|---|---|
| Attorneys' Fees Requested: | $35,441.93 |
| Reduction of Attorneys' Fees: | $0 |
| **Attorneys' Fees Awarded:** | **$35,441.93** |
| | |
| Attorneys' Costs Requested: | $17,835.37 |
| Reduction in Attorneys' Costs: | -$8,000 |

| | |
|---|---|
| **Attorneys' Costs Awarded:** | **$9,835.37** |
| | |
| Total Attorneys' Fees and Costs Requested: | $53,277.30 |
| **Total Attorneys' Fees and Costs Awarded:** | **$45,277.30** |

1) **A lump sum in the amount of $45,277.30, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).